UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYA CROWDER, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARC HEALTHRESOURCES OF ROCKLAND, INC.,<br><br>Defendant. | No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff Tanya Crowder ("Plaintiff" or "Ms. Crowder"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendant Arc Healthresources Of Rockland, Inc., (the "Company", "ARC of Rockland", or "Defendant") allege upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1. Plaintiffs, current and/or former "Direct Support Professionals" employed by Defendant, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Defendant for violations of: (1) the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the overtime requirements under New York Labor Law ("Labor Law" or "NYLL") § 650 *et seq.*; (3) the spread of hours requirement under New York State Regulation 12 NYCRR § 142-2.4 ("NYCRR"); (4) the wage statement and notice requirements of NYLL § 195; and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

1

2. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendant as a "Direct Support Professional," or other similar jobs, in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

5. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendant, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

6. Plaintiff Tanya Crowder resides in Rockland, New York. Ms. Crowder was employed by Defendant from in or around April 11, 2011, through February 27, 2017. At all relevant times, Plaintiff Tanya Crowder was an "employee" within the meaning of the FLSA and NYLL.

7. ARC of Rockland is a non-profit organization, existing under the laws of the State of New York with its principal place of business located at Congers, New York. At all relevant times ARC of Rockland was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been employed by Defendant as Direct Support Professionals, or other similar jobs, at any location operated by Defendant in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendant's unlawful practice of failing to pay applicable overtime premiums – or any wage at all – for all hours worked in excess of 40 hours per workweek.

9. Defendant employed Plaintiff Tanya Crowder and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as non-exempt from the minimum wage and overtime requirements of the FLSA.

10. Defendant meets the definition of an "employer" under the FLSA. By way of examples only, Defendant controls how much the FLSA Collective Action members are paid, maintain all-time records for the FLSA Collective Action members, assigns and supervises all of the tasks given to the FLSA Collective Action members, and maintains and exercises control as to how the FLSA Collective Action members are to perform their tasks.

11. Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

12. However, at all times during the FLSA Collective Action period, Defendant failed to pay the Collective Action members overtime premiums – or any wage at all – for all hours worked in excess of 40 per workweek.

13. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Action members.

14. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

15. There are, upon information and belief, more than 40 similarly situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendant as Direct Support Professionals, or other similar jobs, at any location operated by Defendant in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendant's unlawful practice of, (i) failing to pay applicable overtime premiums for all hours worked in excess of 40 hours per workweek; (ii) failing to pay spread of hours compensation in violation of NYLL; and (iii) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

17. At all times during the time period relevant to the New York Class, Defendant, as a matter of policy, (i) did not pay Plaintiffs or the New York Class all wages or the applicable overtime premium pay rate for all hours worked in excess of 40 per workweek; (ii) did not pay Plaintiffs or the New York Class spread of hours compensation; and (iii) failed to furnish correct and accurate wage statements required by the NYLL.

18. The facts as alleged in Paragraphs 9-15 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

19. Defendant failed to make, keep, and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiffs and the New York Class an accurate statement and an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

20. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendant employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

21. Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class. During the New York Class period, Defendant subjected Plaintiffs and the members of the New York Class to the same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL.

22. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

24. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

      a.      Whether Defendant violated the NYLL as alleged herein;

      b.      Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

      c.      Whether Defendant unlawfully failed to pay spread of hours compensation to members of the New York Class in violation of NYLL;

      d.      Whether Defendant employed Plaintiffs and the New York Class within the meaning of New York law;

      e.      Whether Defendant should be enjoined from continuing the practices that violate the NYLL;

      f.      What the proper measure of damages sustained by the New York Class are; and

      g.      Whether Defendant's actions were "willful."

25.    The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

26.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the New York Class the wages to which they are entitled.

The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendant's practices.

27. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendant.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Plaintiff Tanya Crowder

28. As outlined above, Defendant employed Plaintiff Tanya Crowder as a Direct Support Professional from approximately April 11, 2011through February 27, 2017.

29. As a Direct Support Professional, Plaintiff Tanya Crowder and other members of the proposed collective and Rule 23 classes were primarily responsible for providing care to individuals.

30. Plaintiff Tanya Crowder and other members of the proposed collective and Rule 23 classes were also tasked with maintaining the physical environment of the home.

31. Plaintiff Tanya Crowder and other members of the proposed collective and Rule 23 classes were also required to administering medications.

32. At all times during employment, Defendant classified Plaintiff Tanya Crowder as a non-exempt employee, entitled to the protections of the FLSA and NYLL.

33. Defendant compensated Plaintiff Tanya Crowder on an hourly basis.

34. During most weeks of employment, Defendant required Plaintiff Tanya Crowder to work in excess of 40 hours per week.

35. By way of example, during the week of August 1, 2016 to August 7, 2016, Plaintiff Tanya Crowder worked a total of 55 hours and 5 minutes, based on the following work schedule:

    i. Monday, from 7:08 a.m. to 8:00 p.m. (12 hours and 52 minutes);

    ii. Tuesday, from 7:07 a.m. to 3:00 p.m. (7 hours and 53 minutes);

    iii. Wednesday, from 7:07 a.m. to 3:00 p.m. (7 hours and 53 minutes);

    iv. Thursday, from 11:05 a.m. to 11:59 p.m. (54 minutes);

    v. Friday, from 12:00 a.m. to 9:00 a.m. (9 hours);

    vi. Saturday, from 7:12 a.m. to 3:00 p.m. (7 hours and 48 minutes);

    vii. Sunday, from 7:15 a.m. to 3:00 p.m. (7 hours and 45 minutes);

36. Defendant paid Plaintiff Tanya Crowder only some of the overtime wages she was owed.

37. By way of example, Ms. Crowder was paid for 86.75 hours – only 4 hours of which were paid at the proper one-and-one-half time overtime premium rate – in the pay period for the weeks of July 25, 2016, to August 7, 2016; despite definitively having worked a different number of hours those two weeks, which together totaled over 98 hours worked.

**FIRST CAUSE OF ACTION**
**(Violation of FLSA)**

38. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

39. During the relevant time period, Plaintiffs and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of Defendant's above-outlined violations of the FLSA, were not paid appropriate overtime compensation – or any wage at all – for all hours in excess of 40 per week.

40. Despite the hours worked by Plaintiffs and the members of the FLSA Collective Action, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective Action appropriate overtime compensation.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

42. Plaintiffs and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
**(Violation of NYLL)**

43. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

44. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of 40 hours per workweek and, because of Defendant's above-outlined violations of the NYLL, were not paid appropriate overtime compensation – or any wage at all – for all hours in excess of 40 per week.

45. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendant willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

46. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL, without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

47. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

### THIRD CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

48. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

49. During the relevant time period, Defendant failed to furnish Plaintiffs and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

50. Defendant's violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class for $250 per violation for up to $5,000 per class member.

51. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### (12 N.Y.C.R.R. § 142-2.4: Spread of Hours)

52. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

53. At all relevant times, Defendant is or was the "employer" within the meaning of 12 N.Y.C.R.R. § 142.

54. At all relevant times, Plaintiffs are or were "employees" within the meaning of 12 N.Y.C.R.R. § 142.

55. At all relevant times, Plaintiffs are not or were <u>not</u> exempt from the provisions of 12 N.Y.C.R.R. § 142-2.4.

56. Defendant failed to compensate Plaintiffs the legally mandated spread of hours pay for days in which they worked in excess of ten (10) hours.

57. These practices were willful and lasted for the duration of the relevant time periods.

58. These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.;

E. An award to Plaintiffs for all damages, which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, and general and special damages

for lost compensation and job benefits they would have received but for Defendant's improper practices;

F. An award to Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G. An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

H. An award to Named Plaintiffs of all applicable statutory damages to which they are entitled;

I. An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

J. An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

K. An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

L. Any other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

//
//
//
//

Dated: May 31, 2017
     New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By:   s/ <u>Ariel Y. Graff</u>

Ariel Y. Graff
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
ari@ottingerlaw.com

*COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*

DocuSign Envelope ID: 9C73915D-7D43-43BC-9B6A-204399747A5E

**CONSENT TO BE PARTY PLAINTIFF**

I consent to be a party plaintiff in the foregoing lawsuit against Rockland County Chapter of NYS ARC, Inc., Tracy Grimsley, and any related persons and/or entities, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in this case, whether favorable to me or not. I hereby designate The Ottinger Firm, P.C. to represent me in all matters relating to this case, including any settlement of my claims.

*[DocuSigned by: T. Crowder]*

Signature

Tanya Crowder

Print Name

May 26, 2017

Date

W. Haverstraw, NY 10993

City, State and Zip Code