UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TANYA CROWDER, individually and on behalf of all others similarly-situated,

                Plaintiffs,

v.

ARC HEALTHRESOURCES OF ROCKLAND, INC.,

                Defendant.

**Civil Action No. 17-4086 (VB)**

## FIRST AMENDED ANSWER TO AMENDED COMPLAINT[1]

Defendant, ARC HEALTHRESOURCES OF ROCKLAND, INC., by its attorneys, CLIFTON BUDD & DeMARIA, LLP, for its First Amended Answer to the Amended Complaint (the "Complaint"), alleges as follows:

### NATURE OF THE CLAIMS

1. Denies the allegations in paragraph 1 of the Complaint, except to admit that the named Plaintiff purports to bring the claims asserted.

2. Denies the allegations in paragraph 2 of the Complaint, except to admit that the named Plaintiff purports to seek to represent a class of persons.

---

[1] This Answer to the Amended Complaint is filed and served to preserve the Defendant's rights and defenses with respect to this matter. It is not intended nor should be construed as a consent to the amendment or a waiver of the requirements of Fed.R.Civ.P. 15.

## JURISDICTION AND VENUE

3. Denies the allegations in paragraph 3 of the Complaint, except to admit that this Court has jurisdiction over proper claims brought pursuant to the law cited therein.

4. Denies the allegations in paragraph 4 of the Complaint, except to admit that venue over the purported claims is properly placed in this Court.

5. Denies the allegations in paragraph 5 of the Complaint.

## THE PARTIES

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except to admit that Plaintiff Tonya Crowder worked at various times for ARC of Rockland County.

7. Denies the allegations in paragraph 7 of the Complaint, except to admit that ARC of Rockland operates as a non-profit organization with a principal place of business located in Congers, New York, and respectfully refers to the Court resolution of issues of law.

## COLLECTIVE ACTION ALLEGATIONS

8. Denies the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Denies the allegations in paragraph 15 of the Complaint.

## CLASS ACTION ALLEGATIONS

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint, including each and every subparagraph thereof.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the Plaintiff's intent.

## INDIVIDUAL FACTUAL ALLEGATIONS

30. Denies the allegations in paragraph 30 of the Complaint, except to admit that Plaintiff Tanya Crowder worked for ARC of Rockland County at times relevant to the instant matter.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint, except to admit that Plaintiff Tanya Crowder was paid on an hourly basis.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegation in paragraph 37 of the Complaint, except to admit upon information and belief that Plaintiff Tonya Crowder reported working at the times alleged in the paragraph.

38. Denies the allegations in paragraph 38 of the Complaint.

39. Denies the allegations in paragraph 39 of the Complaint.

## FIRST CAUSE OF ACTION (Violation of FLSA)

40. Defendant repeats and realleges its responses to paragraphs 1-39 of the Complaint as if set forth fully herein.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint.

## SECOND CAUSE OF ACTION (Violation of NYLL)

45. Defendant repeats and realleges its responses to paragraphs 1-44 of the Complaint as if set forth fully herein.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies the allegations in paragraph 48 of the Complaint.

49. Denies the allegations in paragraph 49 of the Complaint.

50. Denies the allegations in paragraph 50 of the Complaint.

## THIRD CAUSE OF ACTION (NYLL: Failure to Furnish Wage Statements)

51. Defendant repeats and realleges its responses to paragraphs 1-50 of the Complaint as if set forth fully herein.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint.

## FOURTH CAUSE OF ACTION (Spread of Hours)

55. Defendant repeats and realleges its responses to paragraphs 1-54 of the Complaint as if set forth fully herein.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and respectfully refers to the Court the resolution of issues of law.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and respectfully refers to the Court the resolution of issues of law.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, and respectfully refers to the Court the resolution of issues of law.

59. Denies the allegations in paragraph 59 of the Complaint.

60. Denies the allegations in paragraph 60 of the Complaint.

61. Denies the allegations in paragraph 61 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any applicable statute(s) of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has brought the claims, in whole or in part, with no good basis in fact, warranting an award of sanctions to Defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim of alleged, unpaid overtime wages is *de minimus*.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Defendant has complied in good faith with all applicable laws and regulations in reliance on applicable regulatory interpretations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to meet the requirements to certify a class under FRCP 23.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Individual issues predominate over issues alleged to be general to the class and collective actions.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith and reasonably believed its pay practices were in compliance with applicable laws.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be barred or reduced by the doctrine of avoidable consequences.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The complained-of actions were neither willful nor intentional.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Permitting a representative, rather than individualized, action in this matter will result in a denial of due process to Defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has received all compensation to which she is entitled under the FLSA and NYLL.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any monies claimed to be due must be offset by any monies paid to Plaintiff but not required to be paid under the FLSA or NYLL, as applicable.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet the requirements for certification of a collective action under the FLSA.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the affirmative defenses provided for in New York Labor Law s. 198.

Defendant reserves the right to amend or supplement these affirmative defenses as additional plaintiffs, claims and/or defenses are identified.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety, and requests that this Court grant Defendant its costs, attorneys' fees and such other and further relief that this Court deems just and proper.

Dated:	New York, New York
	November 17, 2017

			Respectfully submitted,

			s/ Scott M. Wich

			Scott M. Wich, Esq.
			Clifton Budd & DeMaria, LLP
			The Empire State Building
			350 Fifth Avenue, 61st Floor
			New York, New York  10118
			Phone: (212) 687-7410
			Fax: (212) 842-5235
			E-Mail: smwich@cbdm.com